# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              **Case No. 96-CR-148**

**SHAWN ANDRE CRENSHAW**
   **Defendant.**

## ORDER

  Defendant Shawn Andre Crenshaw seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). That statute allows the court to reduce a prison sentence based on a guideline range that has subsequently been lowered by the Sentencing Commission. Defendant relies on the Commission's recent Amendment to the crack cocaine guideline, which generally reduced offenses levels in such cases by 2. The Commission designated the Amendment for retroactive application, thereby allowing crack defendants to rely upon it to seek sentence reductions under § 3582(c)(2). See U.S.S.G. § 1B1.10(c) (listing Amendment 706). Defendant is now serving a prison sentence for conspiracy to distribute crack and powder cocaine (and related offenses), but because Amendment 706 does not lower his guideline range, I lack subject matter jurisdiction to reduce his sentence. See United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009); United States v. Lawrence, 535 F.3d 631, 638 (7th Cir. 2008).

  At his original sentencing in 1998, the court found defendant responsible for 67,385.25 grams of powder cocaine and 112 grams of crack cocaine, producing a base offense level of 36. Adding 2 levels for aggravated role in the offense, and coupled with a criminal history category of III, the court adopted a guideline range of 292-365 months and sentenced

defendant to a total of 300 months in prison. The court later reduced the sentence to 172 months on the government's Fed. R. Crim. P. 35(b) motion.

Where, as here, the case involves more than one controlled substance, the guidelines instruct the court to convert the substances to marijuana equivalent, add the quantities, then determine the offense level under the drug quantity table. U.S.S.G. § 2D1.1 cmt. n.10(B) (2008). In cases involving crack and some other substance, the court is generally required to determine the combined level under application note 10(B), then reduce that level by 2 in order to give effect to Amendment 706. U.S.S.G. § 2D1.1 cmt. n.10(D)(i) (2008). But the court is instructed not to grant the 2 level reduction if such a reduction would result in a lower offense level than would apply if the case involved only the other controlled substance. U.S.S.G. § 2D1.1 cmt. n.10(D)(ii) (2008). This provision dooms defendant's motion.

Under the drug equivalency table, 67,385.25 grams of powder cocaine converts to 13,477 kilograms of marijuana, and 112 grams of crack converts to 2240 kilograms of marijuana, for a total of 15,717 kilograms. Under U.S.S.G. § 2D1.1(c)(2), 10,000 to 30,000 kg of marijuana produces a base offense level of 36. In this case, the powder cocaine alone is sufficient to generate a base level of 36. Thus, the 2 level reduction does not apply to defendant under application note 10(D)(ii), and I may not reduce his sentence. See Forman, 553 F.3d at 590 (denying § 3582(c)(2) reduction where the defendant's offense level remained the same under the current version of § 2D1.1(c)).

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge